CAMPBELL, Judge.
John Wayne Spann, husband and respondent in this appeal from an order modifying his child support obligation, challenges the trial court’s determination that he should increase his child support four hundred percent from $200 per month to $800 per month for two teenage sons, aged seventeen and fifteen. We find that wife did not establish a substantial change in circumstances based on either the need of the children or an increase in the financial resources of husband sufficient to support the modification order and we, accordingly, reverse.
Husband and his former wife, Virginia Louise Spann Blair, were divorced on April 26, 1978. The final judgment of dissolution of marriage provided that husband was to pay wife $100 per month per child for the two minor children. In 1978, the court reduced husband’s obligation from $200 a month to $172 per month for the two children. In 1985, the child support was increased to $200 per month again. In 1986, wife again petitioned for. an increase in child support. The court denied her petition for modification specifically finding that a slight increase in husband’s income, a decrease in wife’s income and a slight increase in the needs of the children were not sufficient to support a modification based upon a substantial change of circumstances. In 1989, for the third time, wife petitioned for an increase in child support. This time, the court granted wife’s petition. That order is now before us on appeal.
In our review to determine the change in the needs of the children and the abilities of husband, we are confined to those changes that may have occurred and continue to exist since the entry of the previous order determining the amount of child support. It should be noted that both husband and wife have remarried and enjoy, with their current spouses, a comfortable standard of living and life-style. The wife has gone from being a part-time employee of her father, making $155 per week, or $8,060 annually, to a full-time employee presently earning a net income of $1,300 per month, or $15,600 annually. There is no substantial showing that husband has obtained any substantial increases in his income except for cost of living increases ranging from three to five percent. Wife’s evidence regarding the two teenage sons’ increased needs centered around the circumstances that one of the children had acquired an automobile and both of the children were engaged in extracurricular *373 activities involving church, band and tennis team which required additional expenditures on their behalf. We find that these circumstances do not support a four hundred percent increase in husband’s obligations for child support and, therefore, reverse and remand this proceeding for the reinstatement of husband’s obligations of child support as they existed prior to the petition for modification.
In these circumstances we also find that the trial court’s award of attorney’s fee to the wife should be and is reversed.
SCHOONOVER, C.J., and HALL, J., concur.